*Eastern Dis.*
*June, 1834.*

MARIGNY
*vs.*
PERRET
ET AL.

MARIGNY *vs.* PERRET ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT

When the Supreme Court are not satisfied with the verdict of the jury, and judgment thereon, after an examination of the evidence, the cause will be remanded for a new trial.

Where one of several defendants made no answer and no judgment by default taken against him, although there was a general verdict and judgment for the defendants, he will not be considered as before the court, and the judgment as to him will not be disturbed, in remanding the case for a new trial.

This is an action by Marie Céleste Marigny, separated in bed and board from her husband, Livaudais, residing in France, against Perret & Charbonnet, merchants, and C. Papet, broker, late her agents, to sell and dispose of her sugar plantation and slaves, and all her property in Louisiana, which she charges they have done, and have failed to account and pay over a large balance, viz: the sum of twenty

EASTERN DIS.
June, 1834.
═══════════
MARIGNY
vs.
PERRET ET AL.

thousand dollars: she prays that said defendants be compelled to render a faithful account of their agency, and pay over the sum that may be found due which she alleges to be twenty thousand dollars.

Perret as surviving partner and liquidator of the late commercial firm of Perret & Charbonnet, answered separately for said firm; he denies ever refusing to render an account, but on the contrary he annexes to his answer an account current of the agency of said firm, in transacting the plaintiff's business which he avers, was rendered and transmitted to her in person in the spring of 1832, which she received; he avers that said account was submitted to the new agent of the plaintiff who only objected to it on the ground that it was not signed by Papet, who was included in the procuration to said firm, and because a commission was charged; that Papet (who is the son-in-law of the plaintiff) did not refuse to sign said account at the time it was rendered, but his signature was omitted through a casualty, and it is only since the new agent has arrived, who resides with him, that he refuses to sign; he avers that errors excepted the said account contains a true and faithful statement of the accounts of the mandate to his firm, and Papet jointly; he prays that the account thus annexed be declared correct, that the commissions charged therein be allowed, and that the suit be dismissed with costs.

Papet did not answer, and no judgment by default was taken against him. The cause on these pleadings, was submitted to a special jury who after hearing the evidence produced on the trial, returned a general verdict for the defendants.

The district judge being satisfied with the verdict, on motion of the counsel for the defendants, rendered judgment in conformity therewith, from which the plaintiff appealed.

This cause was argued by Mr. *Hennen*, for the plaintiff, and by Mr. *Mazureau*, for the defendants, Perret & Charbonnet.

Bullard, J., delivered the opinion of the court.

Eastern Dis.
*June,* 1834.

FLOWER
*vs.*
MILLAUDON.

In this case we are not altogether satisfied with the verdict of the jury, and the judgment of the court below. After an attentive examination of the evidence, we are of opinion that justice requires the case should be remanded for another trial by jury. C. Papet was made defendant, but no answer appears to have been filed by him, nor was there judgment by default. It is left doubtful what amount of commissions the jury intended to allow to the defendants and appellees, as the account is rendered in the name of their agents, and the verdict is a general one. But as the defendant Papet is not before the court, the judgment as to him cannot be disturbed.

Where the Supreme Court are not satisfied with the verdict of the jury and judgment thereon after an examination of the evidence, the cause will be remanded for a new trial.

Where one of several defendants made no answer and no judgment by default was taken against him, although there was a general verdict and judgment for the defendants, he will not be considered as before the court, and the judgment as to him will not be disturbed, in remanding the case for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, as relates to the defendants Perret & Charbonnet, be annulled and reversed, that the case be remanded for a new trial, and that the appellees pay the costs of the appeal.